FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

13 JUN 17  PM 12: 20

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, EVANSVILLE DIVISION

| | |
|---|---|
| LANA SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) **3 : 13 -cv- 0 1 3 1 RLY -WGH** |
| | ) |
| vs. | ) **CAUSE NO:** |
| | ) |
| CITY OF SALEM, | ) |
| | ) |
| Defendant. | ) |

June 14, 2013

## COMPLAINT

## TITLE: COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1.  The plaintiff, Lana Sullivan, brings this action against her former employer, City of Salem (hereinafter "Defendant" or "City"), pursuant to Sections 703 and 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, as amended and the Equal Pay Act.  Sullivan alleges that the Defendant engaged in harassment based on her gender, created a hostile work environment, discriminated against her based on her gender, retaliated against Sullivan after she complained of the harassment and discrimination, and paid her less than male counterparts.

## II. Parties

2. Sullivan is a resident of the State of Indiana, who at all times relevant to this action resided within the State of Indiana.

3. Defendant is a local governmental entity located within the geographical boundaries of the Southern District of Indiana.

## III. Jurisdiction And Venue

4. This Court has jurisdiction over the subject matter of this complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) and the Equal Pay Act.

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Sullivan was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7. Sullivan satisfied her obligation to exhaust administrative remedies, by timely filing a charge of discrimination (Charge No. 470-2012-01146), with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") alleging harassment, discrimination, and retaliation. Sullivan requested her Notice of Right to Sue from the EEOC and received it on March 19, 2013, attached hereto as Exhibit A. She now brings this original action within ninety (90) days of receipt thereof.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. Factual Allegations

2

9.    In February of 2008, The city of Salem ("City") and Washington County ("County") directed the Washington County Economic Growth Partnership ("Partnership") to hire a local person with economic development experience to serve as Director for the Partnership.

10.   The Partnership is the local economic development organization, supporting and serving the City and the County.

11.   A majority of the Partnership Board consists of City and County officials.

12.   More than 70% of the Partnership budget is provided by the City and County.

13.   The City and County have the ability to terminate the Partnership at any time.

14.

15.   After the previous male Director of the Partnership resigned on March 5, 2010, the Partnership hired Plaintiff, Lana Sullivan, a female.

16.   Sullivan's employment with the Partnership began on April 5, 2010 in a part-time capacity, as she still had duties as a County Commissioner.

17.   Sullivan began her full-time employment with the Partnership on January 1, 2011.

18.   The decision to Hire Sullivan was made by the Partnership Board President.

19.   Sullivan was require to converse with the City Mayor, David Bower, and other city and county officials on a daily basis.

20. Sullivan was required by the City to attend weekly meetings and by the County to attend biweekly meetings.

21. City, County, and Partnership officials, including the Mayor's office, jointly controlled Sullivan's hours, compensation, and the terms of conditions of her employment.

22. Sullivan met and/or exceeded Defendant's legitimate performance expectations at all relevant times of her employment.

23. Sullivan's relevant experience includes: 10 years as a licensed real estate salesperson; numerous hours of continuing education focusing on marketing and other economic development related topics; 18 years in local government; serving as county auditor for 11 years, providing her with a sophisticated understanding of tax abatements, tax increment financing (TIF), local option income taxes, and the general workings of county government; and serving four years as a county commissioner, providing her with direct experience with economic development projects.

24. Sullivan's experience was significantly superior to the two previous male Directors of the Partnership.

25. According to a 2010 International Economic Development Council survey, the salary for similar positions ranged from $55,700 to $86,000. The $55,000 salary assigned to the Director's position at the time of Sullivan's hire was based on this survey.

26.   The previous Director of the Partnership was male and received a compensation package consisting of a $54,000.00 base salary, a car, health insurance, a company credit card, and an IRA.

27.   Immediately following the Partnership's decision to hire Sullivan, County and City officials, including the Mayor, began harassing Sullivan.

28.   The harassment was public, offensive, sexist, and baseless.

29.   On August 2, 2010, Mark Manship, County Council President, suggested publicly in a County Council meeting that in order for the Partnership to continue to receive County Council funding from the County, the Partnership must remove Sullivan as director or reduce her pay.

30.   On December 6, 2010, the County reduced funding to the Partnership. Manship stated the decision was to make a change at leadership with the Partnership.  His harassment continued.

31.   John Mishler publicly announced that the Partnership has a leadership problem.

32.   During a public City Council meeting City Mayor Bower insinuated that Sullivan was involved in a nefarious relationship with a member of the public who was presenting to the Council.

33.   On March 2, 2011, City Councilman, Wally Terkhorn stated publicly that "Lana makes too much money."

34.   Later, City Councilman, Wally Terkhorn, stated that "No woman is worth $50,000."

35.     Mayor David Bower, John Fultz, President of the County Commission &
        the Partnership Board, Commissioner John Mishler. and Mark Manship,
        President of the County Council, exercised their influence over the
        Partnership to reduce Sullivan's salary

36.     John Fultz and a City official stated that the City and County would
        withdraw all funds from the Partnership unless Sullivan's salary was
        reduced to $30,000.00.

37.     On March 30, 2011, conceding to City and County demands, the
        Partnership Board voted to reduce Sullivan's salary.

38.     Mayor Bower stated that Sullivan would not be permitted to work fewer
        hours following the reduction in salary.

39.     The salary of the two previous male Directors were never challenged and
        funding for the Partnership was never threatened until Sullivan was hired.

40.     On April 14, 2011, Sullivan's reduction in salary was reported in the local
        paper.  The following day, Sullivan submitted her resignation.

41.     Mayor Bower appointed the Jackson County Economic Development
        director, Jim Plump, to manage the affairs of the Partnership.  Mr. Plump
        is male.

42.     The verbal harassment from City and County officials was unwelcomed,
        revolting, and disruptive to Sullivan's work.

43.     Sullivan suffered a 45% reduction in pay.

44.     Sullivan complained to Partnership Board members, County, and City
        officials of the discrimination and harassment.

45. Sullivan's complaints were ignored.

46. Following Sullivan's complaints, the harassment and discrimination continued, taking different forms.

47. After achieving their objective of removing the female director from the Partnership, City and County officials continued their discriminatory behavior. John Mishler, County Commissioner retaliated against Sullivan by replacing her father on a County Board. Mr. Mishler is reported to have stated "he reason that I want Lana's dad off of the PTABOA Board is all because of her. I don't like Lana. I am mad because of the lawsuit, and I want her dad off of that board. I do not want anyone associated with Lana on any board."

48. Defendant intentionally discriminated against Sullivan on the basis of her sex as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) et seq.

49. Defendant harassed Sullivan, created a hostile work environment, and retaliated against her for engaging in protected activity, all as prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) et seq.

50. Sullivan was and continues to be economically, physically, and emotionally harmed by Defendant's illegal actions.

## V.  Violations

## Count I:  Discrimination Hostile Work Environment under Title VII

51.     Sullivan hereby incorporates paragraphs one (1) through fifty (50) of her Complaint, as if the same were set forth at length herein.

52.     Sullivan is a female, who was subjected to unwelcomed harassment during her employment with Defendant.

53.     Sullivan was jointly employed by the City, the County, and the Partnership.

54.     The harassment consisted of degrading and sexist comments and public humiliations.

55.     The harassment suffered by Sullivan was sufficiently severe and pervasive to alter her conditions of employment and created a hostile work environment.

56.     Defendant was aware of the harassment and discrimination and refused to pursue a remedy.

57.     Defendant's conduct was deliberate, willful, and in reckless disregard for Sullivan's rights as protected by Title VII of the Civil Rights Act of 1964, as amended.

58.     Sullivan has suffered damages as a result of Defendant's unlawful conduct.

## Count II:  Gender Discrimination under Title VII

59.     Sullivan hereby incorporates paragraphs one (1) through fifty-eight (58) of her Complaint, as if the same were set forth at length herein.

60.     Sullivan was jointly employed by the City, the County, and the Partnership.

61.   While employed by Defendant, Sullivan was subjected to disparate treatment in the terms, conditions and privileges of her employment on the basis of her sex, including the reduction of her salary and the subsequent constructive discharge from her employment.

62.   Defendant's conduct was deliberate, willful, and in reckless disregard for Sullivan's rights as protected by Title VII of the Civil Rights Act of 1964, as amended.

63.   Sullivan has suffered damages as a result of Defendant's unlawful conduct.

### Count III:  Retaliation under Title VII

64.   Sullivan hereby incorporates paragraphs one (1) through sixty-three (63) of her Complaint, as if the same were set forth at length herein.

65.   Sullivan was jointly employed by the City, the County, and the Partnership.

66.   Sullivan complained to Defendant of the harassment and discrimination, which constituted protected activity.

67.   Defendant refused to respond to Sullivan's complaints.

68.   Defendant retaliated against Sullivan, following her complaints.

69.   Defendant's conduct was deliberate, willful, and in reckless disregard for Sullivan's rights as protected by Title VII of the Civil Rights Act of 1964, as amended.

70.   Sullivan has suffered damages as a result of Defendant's unlawful conduct.

## Count IV:  Violations of the Equal Pay Act

71.   Sullivan hereby incorporates paragraphs one (1) through seventy (70) of her Complaint, as if the same were set forth at length herein.

72.   Sullivan was jointly employed by the City, the County, and the Partnership.

73.   Defendant paid or caused to be paid wages to Sullivan less than her male predecessors.

74.   Sullivan performed the same job and same duties as the previous male Directors.

75.   Sullivan was more qualified than her male predecessors and performed work at least equal to the male Directors.

76.   Defendant's conduct was deliberate, willful, and in reckless disregard for Sullivan's rights as protected by the Equal Pay Act.

77.   Sullivan has suffered damages as a result of Defendant's unlawful conduct.

## Relief Requested

WHEREFORE, Plaintiff, Lana Sullivan, requests that this Court find in her favor and

provide her with the following relief:

A.   Enter a declaratory judgment finding that Defendant's actions violated Title VII and the Equal Pay Act;

B.   Enjoin Defendant from engaging in further violations of Title VII and the Equal Pay Act;

C.   Order Defendant to pay to Sullivan all lost wages and benefits suffered as a result of Defendant's unlawful actions;

D.   Order Defendant to reinstate Sullivan to the same position, salary, and seniority; or, pay front pay and benefits to Plaintiff in lieu of reinstatement;

E.   Order Defendant to pay to Sullivan compensatory damages;

F.   Order Defendant to pay to Sullivan attorneys' fees and costs;

G.   Order Defendant to pay to Sullivan pre- and post-judgment interest on all sums recoverable; and

H.   Order Defendant to provide to Sullivan any and all other legal and/or equitable relief that may be just and proper.

Respectfully submitted,

/s/ Michael S. Dalrymple

Michael S. Dalrymple, (23539-53)

Michael S. Dalrymple, Attorney at Law

1847 Broad Ripple Avenue

Suite 1A

Indianapolis, Indiana 46220

(317) 614-7390

michaeld@dalrymple-law.com

Attorney for Plaintiff, Lana Sullivan

## DEMAND FOR JURY TRIAL

The Plaintiff, Lana Sullivan, by counsel, respectfully requests a jury trial as to all issues deemed so triable.


Respectfully submitted,

/s Michael S. Dalrymple

Michael S. Dalrymple, (23539-53)

Michael S. Dalrymple, Attorney at Law

1847 Broad Ripple Avenue

Suite 1A

Indianapolis, Indiana 46220

(317) 614-7390

michaeld@dalrymple-law.com

Attorney for Plaintiff, Lana Sullivan